UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHARLES BENTLEY #83335 | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-48 |
| | ) | |
| SULLIVAN COUNTY, TENNESSEE; | ) | |
| WAYNE ANDERSON, Sheriff; and | ) | |
| DANIEL PAUL, M.D. | ) | |

## **MEMORANDUM and ORDER**

Charles Bentley, a prisoner in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights case for damages and injunctive relief under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional confinement conditions. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

or

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his standardized complaint form, the plaintiff alleges multiple claims. In the first of these, he asserts that he was prescribed six medications to treat various ailments by physicians on staff at the Veteran's Administration and that, when he ran out of those medications, he was given only two medications—one of which was a less expensive brand than the medication he had been taking. He next alleges that the food served to inmates is inadequate. Only two daily meals are served.

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Three days a week, one meal consists of nothing more than a sandwich and an unappetizing spoonful of mixed vegetables.  His third claim is that the SCDC is overcrowded, with fifteen prisoners or more housed in cells designed for eight people.  In his last claim (alleged, inferentially, in the relief section of the complaint), he contends that he needs to have surgery to correct problems he is having with his feet.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).  Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown*)), and naming each person latter named as a defendant in the federal lawsuit. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).  Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to

3

the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner bears the burden of showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts in paragraph II of his complaint that the SCDC has a prisoner grievance procedure; that he presented the facts relating to his claims through the grievance system; that "they" did not return his "last apeal (sic)" because everyone knew he was right and that "they made [the grievance] disappear [and d]idn't even address the problem." The plaintiff, however, has not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. *See Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions, there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the facts underlying his § 1983 claims to the jail authorities. *See Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance

4

system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint. Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

   ENTER:

            s/Thomas Gray Hull
            THOMAS GRAY HULL
             SENIOR U. S. DISTRICT JUDGE